SCOTT J. WITLIN (SBN 137413)
scott.witlin@btlaw.com
MICHAEL P. WITCZAK (SBN 329960)
michael.witczak@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile:  (310) 284-3894

Attorneys for Defendants
Smuggler, LLC, Rare Bird Holdings, Inc.,
Brian Carmody, Patrick Milling-Smith, and
Division 7, LLC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. COSTA and K. PAYNE, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>SMUGGLER, LLC, a Delaware Limited Liability Company fka Smuggler, Inc., a California Corporation; RARE BIRD HOLDINGS, INC., a Delaware Corporation; BRIAN CARMODY, an individual; PATRICK MILLING-SMITH, an individual; DIVISION 7, LLC, a Delaware Limited Liability Company; and DOE 1 through and including DOE 10,<br><br>       Defendants. | Case No.<br><br>**DEFENDANT RARE BIRD HOLDINGS, INC.'S NOTICE OF REMOVAL**<br><br>*[Filed concurrently with Declaration of Andrew Colon, Declaration of Scott Witlin, Corporate Disclosure Statement, Certification of Interested Parties, and Civil Cover Sheet]*<br><br>Action Filed:   January 18, 2023<br>Trial Date:   Not Set |

DEFENDANT'S PETITION AND NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Rare Bird Holdings, Inc., ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1331, 1332, 1441, 1446, 1453, and 1711-1715. Defendant makes this petition on the grounds that (1) this matter is subject to the Class Action Fairness Act; and (2) Plaintiffs John Costa and Kevin Payne ("Plaintiffs") seek to recover damages from claims arising under the laws of the United States pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, et. Seq.).

## I.    THE STATE COURT ACTION

1.    On January 18, 2023, Plaintiffs filed an action against Defendants entitled "*J. Costa and K. Payne, individually and on behalf of all others similarly situated, Plaintiffs v. Smuggler, LLC a Delaware Limited Liability Company fka Smuggler, Inc., a California Corporation; Rare Bird Holdings, Inc. a Delaware Corporation; Brian Carmody, an individual; Patrick Milling-Smith, an individual; Division 7, LLC, a Delaware Limited Liability Company; and DOE 1 through and including DOE 10, Defendants*" in Los Angeles County Superior Court, Case Number 23STCV01163. A true and correct copy of the Complaint is attached as **Exhibit B** to the Declaration of Scott Witlin ("Witlin Decl."), ¶ 6.

2.    Plaintiffs served Defendant Rare Bird Holdings, Inc. the Summons and Complaint by personal service on January 26, 2023 via Defendant's Registered Agent for Service of Process, eResidentAgent, Inc. Witlin Decl., ¶ 3.

## II.    REMOVAL IS TIMELY

3.    Service of a summons and complaint by personal service is complete at the time it is served. Code Civ. Pro. § 415.10. A defendant in a civil action has thirty days from the date that service of the summons and complaint is complete to remove the

DEFENDANT'S PETITION AND NOTICE OF REMOVAL

1 action to federal court. 28 U.S.C. § 1446(b).

2     4.    As set forth above, Plaintiffs served the Summons and Complaint on

3 Defendant Rare Bird Holdings, Inc. by personal service on January 26, 2023. Since

4 Defendant filed this removal within thirty days of January 26, 2023, removal is timely.

5 **III.**  **PLAINTIFFS' COMPLAINT ASSERTS QUESTIONS OF FEDERAL LAW**

6     **A.**    **A Federal Question Is Presented On The Face Of The Complaint.**

7     5.    The presence or absence of federal-question jurisdiction is governed by the

8 well-pleaded complaint rule, which provides that a plaintiff is the master of the

9 complaint and may avoid federal jurisdiction by exclusively relying on state law. *See,*

10 *e.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (quotations omitted).

11 However, Federal jurisdiction exists when a when a federal question is presented on the

12 face of a complaint. *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010). In

13 general, a case arises under federal law when "federal law creates a cause of action."

14 *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).

15     6.    Furthermore, "it is an independent corollary of the well-pleaded complaint

16 rule that a plaintiff may not defeat removal by omitting to plead necessary federal

17 questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers*

18 *Vacation Tr. for S. California*, 463 U.S. 1, 22 (1983). Even if a plaintiff asserts a cause

19 of action under state law, a case may still arise under the laws of the United States for

20 removal purposes if a substantial, disputed question of federal law is a necessary

21 element of the plaintiff's claims. *Id.* at 13.

22     7.    Here, the Court has original jurisdiction under 28 U.S.C. § 1331, because

23 Plaintiffs' Complaint seeks to recover liquidated damages pursuant to a cause of action

24 under federal law. Plaintiffs' second cause of action seeks to recover unpaid minimum

25 wages and liquidated damages pursuant to the theory of liability that is expressly pled as

26 arising under a case pled only under the Fair Labor Standards Act and not state law.

27 "Defendants routinely paid earned wages in tardy fashion, resulting in responsibility to

28 pay liquidated damages under *Biggs v. Wilson*." Exhibit B, ¶ 60.

DEFENDANT'S PETITION AND NOTICE OF REMOVAL

8.     The claims in *Biggs v. Wilson* 1 F.3d 1537 (9th Cir. 1993), arose only under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., (the "FLSA") not under California law.   The provisions of the California Labor Code giving rise to a claim for unpaid minimum wages, including Sections 510, 1194, 1194.2, 11967, 1197.2, and 1198, do not create a cause of action for liquidated damages pursuant to the theory that a defendant "routinely paid earned wages in a tardy fashion." As a result, while Plaintiffs' second cause of action is partially couched as arising under provisions of the California Labor Code, Plaintiffs' claims  are expressly pled under the FLSA as interpreted by *Biggs v. Wilson*. at 1539-1541.

9.     Thus, removal is proper under 28 U.S.C. § 1441(a) because a district court of the United States would have had original jurisdiction over this action on the basis of federal question jurisdiction, 28 U.S.C. § 1331, had the Complaint originally been brought in federal court.

## IV.   THE COURT HAS JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS   ACT

10.     The Court also has original jurisdiction over this civil action pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified at 28 U.S.C. sections 1332, 1453, and 1711-1715), as: (1) it involves 100 or more potential class members; (2) any class member is a citizen of a state different from any Defendant; and (3) the aggregate amount-in-controversy exceeds $5,000,000.00, exclusive of costs and interest. 28 U.S.C. §§ 1332(d)(2), (d)(6), and (d)(11)(B)(i).

11.     Accordingly, removal is proper under 28 U.S.C. section 1441(a) because a district court of the United States would have had original jurisdiction over this civil action on the basis of CAFA jurisdiction had the Complaint originally been brought in federal court.

### A.   Class Size

12.     Plaintiffs propose six separate putative classes. Plaintiff Costa seeks to represent three classes of employees who worked for Defendant Smuggler, LLC, and

3

Plaintiff Payne seeks to represent three classes of employees who worked for Defendant Division 7, LLC.  Witlin Decl. Ex. B, ¶ ¶ 45, 46. Plaintiffs seek to recover unpaid wages and break period penalties on behalf of employees who worked for Defendants "for the period four years and 180 days prior to the filing" of the Complaint. *Id*. Plaintiffs further seek to recover waiting time penalties pursuant to Labor Code section 203 on behalf of employees who worked for Defendants "three years and 180 days prior to the filing" of the complaint. *Id*. Finally, Plaintiffs seek to recover wage statement penalties pursuant to Labor Code section 226 on behalf of employees who worked for Defendants "from one year to the filing of this Complaint." *Id*.

13.     The Complaint further states that Defendants produced television commercials for at least eleven (11) different clients since 2019. Witlin Decl. Ex. B, ¶¶ 11& 44. Defendants regularly employ no fewer than 65 workers, excluding in-house company staff, on each television commercial production. Declaration of Andrew Colon ("Colon Decl."), ¶ 3.  Accordingly, based exclusively on the face of Plaintiffs' Complaint, there are well more than the 100 alleged putative class members necessary to confer jurisdiction under CAFA.

**B.**   <u>**Citizenship of the Parties**</u>

14.     Plaintiffs have pled that each are, and at all times relevant to this action were, citizens of California with their principal place of residence in California. *See* Witlin Decl. Ex. B, ¶ ¶ 3 &4. Plaintiffs domicile in California is further established letters received from Plaintiff Kevin Payne and Plaintiff John Costa's personnel file, which show that: (1) Plaintiff Kevin Payne resided in Carson, California as of January 19, 2023; and (2) Plaintiff John Costa's last known address indicates he resided in Beaumont, California at the time of his employment with Smuggler, LLC.; Colon Decl. ¶¶ 5 & 6; *see also Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991 (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his or her last residence at the time a suit was filed). Therefore, Plaintiffs are citizens of California.

DEFENDANT'S PETITION AND NOTICE OF REMOVAL

15.    For removal purposes, if a party is a corporation, it is a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (2010). This is typically the place where the corporation "maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

16.    Defendant Rare Bird Holdings, Inc. ("Rare Bird") is a corporation formed under the laws of Delaware. Colon Decl., ¶ 2. Rare Bird's Chief Executive Officer, Defendant Patrick Milling-Smith, resides in and performs his work for Rare Bird primarily from New York. *Id*. Accordingly, Rare Bird is a citizen of Delaware and New York.

17.    Since Plaintiffs are citizens of California and Defendants Rare Bird and Mr. Milling-Smith are citizens of different states, sufficient diversity of citizenship exists to support removal under CAFA. *See,* 28 U.S.§ 1332(d).

## C.    Amount in Controversy

18.    "The notice of removal may assert the amount in controversy if the initial pleading seeks: (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014). If the plaintiff or the court questions a defendant's amount in controversy allegation, removal is proper where the "district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. 28 U.S.C. § 1446(c)(2)(B).

///

19.     "Under [the preponderance of the evidence] burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the required] amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This "burden is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiffs' claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204–05 (E.D. Cal. 2008) (internal quotations omitted) (emphasis in original); see also *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy.").

20.     In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is, therefore, what amount is put "in controversy" by the plaintiff's complaint or other papers, not what the defendant will actually owe for the actual number of violations that occurred, if any. *Korn, supra*, 536 F.Supp.2d, at 1204–05. The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002).

21.     <u>Waiting Time Penalties</u>: Plaintiffs' First Claim alleges that Defendants failed to pay all wages owed upon separation of employment to employees who worked for Defendants and who left their employment from July 22, 2019 to the present. Witlin Decl. Ex. B, ¶¶ 45, 46 & 55. Plaintiffs' Complaint also alleges that Defendants produced television commercials for at least 11 customers. Witlin Decl. Ex. B, ¶¶ 11 & 44. (While the actual number of productions placed at issue is far greater than just 11, we use this number as it should de undisputed. Should Plaintiffs contest the amount in controversy, Defendant requests the opportunity to establish that the jurisdictional minimum is met for the purpose of defeating a motion to remand.) At least 65 putative class members typically work on any production. Colon Decl. ¶3.  The workers had an average hourly

DEFENDANT'S PETITION AND NOTICE OF REMOVAL

wage rate of no less than $45.00 per hour on a typical production. Colon Decl., ¶ 4. This wage rate equates to a daily rate of at least $360.00 per day on average ($45.00 per hour x 8). Furthermore, Defendants engage production employees on a project by project basis, and Plaintiffs allege that each production employee separates from his or her employment with Defendants upon completion of a specific production. Colon Decl., ¶ 4. Since waiting time penalties accrue for up to 30 days, this means the average class member would be claiming $10,800 in waiting time penalties. This equates to a claim of approximately $702,000.00 per television commercial (65 x $10,800.00) and puts the total amount in controversy for waiting time penalties at $7,722,000.00 ($45.00 per hour x 8 hours per day x 30 days x 715 employees).

22.   Unpaid Wages Claim: Plaintiffs seek unpaid wages for themselves and each member of the potential class employed by Defendants since July 22, 2018. Witlin Decl. Ex. B, ¶¶ 45 & 46. Plaintiffs claim that they and the other putative class members "worked many hours . . . without proper, full compensation." *Id*. More specifically, Plaintiffs allege that they and other class members were required to work during statutorily required breaks and, therefore, Defendants "made thirty – or sixty minute deductions from the daily work of Employees." In short, Plaintiffs allege they should have been paid wages for time spent during their breaks because they were carrying a walkie talkie. *Id*. Each individual television commercial production takes at least two days to film on average. Colon Decl. ¶4. If it is assumed that Defendants failed to pay each class member thirty minutes of work each work day, as alleged on the face of the Complaint, and the average hourly rate for putative class members during the class period of $45.00 per hour, this puts the amount in controversy for this claim at $32,175.00 ($22.50 for 30 minutes of work based an average hourly rate of $ 45.00 per hour x 715 class members x an average of 2 days of work for each commercial production).  Plaintiffs further seek to recover liquidated damages pursuant to Cal. Lab. Code § 1194.2 ("[A]n employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."); Witlin Decl. Ex.

B., ¶61. Accordingly, Plaintiff's claims for unpaid minimum wages places $64,350.00 in damages at issue.

23.  <u>Meal Break Penalties</u>: Plaintiffs allege that Defendants failed to pay them and the putative class members with meal period premiums at the rate of one hour of pay at the regular rate for meal periods during which putative class members were require to work. Witlin Decl. Ex. B, ¶ 64. Plaintiffs allege that "Plaintiffs and the proposed 17200 Classes . . . were required to keep their walkie talkies, cell phones, or radios on their persons, turned on and audible at all times, including their rest periods and meal breaks and/or they were precluded from leaving the set during their breaks." *Id*. Notably, the Complaint alleges a pervasive non-compliant policy and practice of meal break violations applicable to all putative class members on every break. If it is assumed that Defendants failed to provide putative class members one meal period each day a class member worked for Defendants, as alleged on the face of the Complaint, this puts the amount in controversy for unpaid meal period premiums at $64,350.00 (an average hourly rate of $ 45.00 per hour x 715 class members x an average of 2 days of work for each commercial production).

24.  <u>Rest Break Penalties</u>: Plaintiffs seek to recover penalties for rest period violations pursuant to a theory of liability nearly identical to their meal break claims. Plaintiffs allege that they and the putative class members were never afforded an opportunity to take an off-duty rest break, because putative class members were precluded from leaving the set during breaks and were required to keep their cell phones and walkie talkies on at all times. Witlin Decl. Ex. B, ¶ 69. If it is assumed that Defendants failed to provide putative class members one rest period each day, as the Complaint alleges, this puts the amount in controversy for unpaid rest period premiums at $64,350.00 (an average hourly rate of $ 45.00 per hour x 715 class members x an average of 2 days of work for each commercial production).

25.  <u>Attorneys' Fees</u>: Plaintiffs seek attorneys' fees. Witlin Decl. Ex. B, ¶¶ 38, 40, 58, 61, 68, and 70, 74, 80, 83; Prayer, ¶ 2, 3, 6, 7, 8. These may be included when

determining the amount in controversy. *Fletcher v. Toro Co*., 08-CV-2275 DMS WMC, 2009 WL 8405058 (S.D. Cal. Feb. 3, 2009) (citing *Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (9th Cir.2005)) (requirement may be satisfied "by claims of . . . attorney's fees (if authorized by statute or contract)."). The Ninth Circuit has set an attorney fee benchmark for common fund cases, as a certified class action would likely be deemed, at 25 percent. See Paul, *Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *see also Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (citing to 3 Newberg on Class Actions, § 14.03, which explains that 20-30 percent is a usual range for a common fund award for attorneys' fees). Even if one were to apply the lower end of that range (20%) to the amount-in-controversy based on the above quantifiable claims, the potential attorneys' fees are approximately $1,583,010.00. ($7,915,050.00 x .20).

26. <u>Total Damages Put At Issue:</u> In sum, the total amount in controversy is at least $9,498,060.00.00 well above the $5,000,000.00 jurisdictional minimum, as demonstrated below.

| Type of Damages | Amount in Controversy |
|---|---|
| Unpaid Wages[1] | $ 64,350.00 |
| Waiting Time Penalties | $ 7,772,000.00 |
| Meal Break Penalties | $ 64,350.00 |
| Rest Break Penalties | $ 64,350.00 |
| Attorneys' Fees | $ 1,595,880.00 |
| **Total** | **$9,498,060.00+** |

[1] The total number of unpaid wages included in this chart accounts for liquidated damages resulting from Plaintiffs' claim for unpaid wages.

9

## V. THE REQUIREMENTS OF 28 U.S.C. SECTION 1446 HAVE BEEN SATISFIED

27.     In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

28.     This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

29.     In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is accompanied by **Exhibits A-G**, which is a copy of all process, pleadings, and orders served on Defendants.

30.     In accordance with 28 U.S.C. section 1446(b), Defendant's Notice of Removal was filed within thirty days after completion of the initial service on Defendant, which was on January 26, 2023.

31.     In accordance with 28 U.S.C. section 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via its counsel and will file a copy of that Notice with the Los Angeles County Superior Court.

32.     In accordance with 28 U.S.C. 1446 (b)(2), all named Defendants consent to the removal of this action. *See* Witlin Decl. ¶ 12.

///
///
///
///
///
///
///
///
///
///
///

10
DEFENDANT'S PETITION AND NOTICE OF REMOVAL

# VI.    CONCLUSION

33.    Because jurisdiction is proper under 28 U.S.C. sections 1331 and 1332, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

34.    If this Court has any questions regarding the propriety of this Notice of Removal, Defendant respectfully requests that it issue an Order to Show Cause, so that Defendant may have an opportunity to address such questions.

Dated: February 24, 2023                    **BARNES & THORNBURG LLP**

By: */s/ Scott Witlin*
Scott J. Witlin
Michael P. Witczak
Attorneys for Defendants

DEFENDANT'S PETITION AND NOTICE OF REMOVAL